In the
# UNITED STATES COURT OF APPEALS
for the Seventh Circuit

### No. 23-3155

**UNITED STATES OF AMERICA,**

                                            **Plaintiff-Appellant,**

v.

**GLEN PRINCE,**

                                            **Defendant-Appellee.**

On Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 22 CR 240 — Robert W. Gettleman, *Judge*.

### GOVERNMENT'S OPPOSITION TO
### PETITION FOR INITIAL HEARING EN BANC

                                      MORRIS PASQUAL
                                      Acting United States Attorney
                                        for the Northern District of Illinois
                                      219 South Dearborn Street, 5th Floor
                                      Chicago, Illinois 60604
                                      (312) 353-5300

                                      DEBRA RIGGS BONAMICI
                                      Assistant United States Attorney
                                      Criminal Division Counsel

                                      BRIAN J. KERWIN
                                      Assistant United States Attorney
                                      Chief of Appeals, Criminal Division

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ............................................................................................... 1

ARGUMENT ....................................................................................................... 2

    I.    The Supreme Court's Decision in *Rahimi* Does Not Undermine *Gay*, Which Was Correctly Decided. .................................................. 2

    II.   This Court's Precedent Is Consistent with That of Its Sister Circuits. ........................................................................................... 7

    III.  Defendant's Contentions Do Not Justify Revisiting Precedent En Banc. ..................................................................................... 11

CONCLUSION ................................................................................................ 12

# TABLE OF AUTHORITIES

## CASES

*Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103 (1983) .......................... 5

*District of Columbia v. Heller;* 554 U.S. 570 (2008)................................*passim*

*Jackson v. United States*, 144 S. Ct. 2710 (2024)................................................ 9

*Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019) ................................................... 11

*McDonald v. Chicago*, 561 U.S. 742 (2010) ............................................... 2, 5, 6

*Medina v. Whitaker*, 913 F.3d 152 (D.C. Cir. 2019) ........................................ 10

*New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022) ..................................................................................................*passim*

*Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) ............................. 3, 8, 9

*United States v. Cole*, 21 F.4th 421 (7th Cir. 2021) ......................................... 11

*United States v. Curry*, 2024 WL 3219693 (10th Cir. June 28, 2024) ............ 10

*United States v. Dorsey*, 105 F.4th 526 (3d Cir. 2024)...................................... 9

*United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024) .................................... 7

*United States v. Duarte*, 108 F.4th 786 (9th Cir. 2024) .................................... 8

*United States v. Fadiga*, 2024 WL 3338304 (3d Cir. July 9, 2024).............. 8, 9

*United States v. Gay*, 98 F.4th 843 (7th Cir. 2024)................................*passim*

*United States v. Gay*, 2024 WL 3816648 (7th Cir. Aug. 14, 2024) ................... 2

*United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023) .................................... 9

*United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024) .............................. 10

*United States v. Johnson*, 2024 WL 3371414 (11th Cir. July 11, 2024) ......... 10

*United States v. Langston*, 110 F.4th 408 (1st Cir. 2024) ............................... 10

*United States v. Moore*, 111 F.4th 266 (3d Cir. 2024) .......................................... 9

*United States v. Rahimi*, 144 S. Ct. 1889 (2024) ......................................*passim*

*United States v. Salerno*, 481 U.S. 739 (1987) ................................................... 3

*United States v. Yancey*, 621 F.3d 681 (7th Cir. 2010) ...................................... 5

## STATUTES

18 U.S.C. § 922(g)(1) ................................................................................... 1, 3

18 U.S.C. § 922(g)(8)(A) .................................................................................. 4

## RULES

Fed. R. App. P. 35(a) ........................................................................................ 1

Fed. R. App. P. 35(b)(1) .................................................................................. 11

# INTRODUCTION

This Court should deny defendant's petition for initial hearing en banc. Such extraordinary relief is appropriate only when necessary to secure or maintain uniformity of the court's decisions, or when the proceeding involves a question of exceptional importance. Fed. R. App. P. 35(a).[1] Here, the question raised by this appeal—the constitutionality of 18 U.S.C. § 922(g)(1)—is important. But so are countless other questions presented to this Court on a regular basis. Moreover, the one presented here need not be decided by the full court in the first instance—that is, before even a panel hearing—because, among other reasons, there is no uncertainty in this Court's case law. Indeed, defendant effectively concedes that *United States v. Gay*, 98 F.4th 843 (7th Cir. 2024)—which this Court recently elected *not* to rehear en banc—controls the outcome of this case. Further, *Gay* is consistent with the rulings of every other federal court of appeals that has decided a constitutional challenge to Section 922(g)(1), including several that have reconsidered the question after the Supreme Court's decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). In essence, defendant asks this Court to initially hear this case en banc not to

---

[1] Defendant's petition for rehearing en banc is cited as "Pet." The government's opening brief is cited as "Br." Defendant's brief is cited as "Rsp. Br." Each is followed by page number(s).

maintain uniformity in the law, but to overrule precedent and generate a circuit split. It should not grant the extraordinary relief defendant seeks.

## ARGUMENT

### I. The Supreme Court's Decision in *Rahimi* Does Not Undermine *Gay*, Which Was Correctly Decided.

Defendant asks that his case initially be heard en banc because, in his view, this Court's recent decision in *Gay*, 98 F.4th 843, conflicts with the Supreme Court's decision in *Rahimi*, 144 S. Ct. 1889. It does not.[2]

In *Gay*, 98 F.4th at 846, this Court rightly rejected an as-applied challenge to the constitutionality of Section 922(g)(1). As the Court observed, Gay's argument that the statute violated his Second Amendment rights was "hard to square" with the Supreme Court's decision in *District of Columbia v. Heller*, which "stated that 'longstanding prohibitions on the possession of firearms by felons' are valid." *Gay*, 98 F.4th at 846 (quoting *Heller*, 554 U.S. at 626). Moreover, two years after *Heller*, in *McDonald v. Chicago*, 561 U.S. 742, 786 (2010), the Supreme Court "reassured readers that all of the reservations and provisos in the *Heller* opinion retain validity." *Gay*, 98 F.4th at 846. "And in the Court's [then] most recent Second Amendment decision, *New York State*

---

[2] In fact, this Court recently denied Gay's petition to rehear his case en banc, weeks after *Rahimi* was decided. *See United States v. Gay*, 2024 WL 3816648, at *1 (7th Cir. Aug. 14, 2024). In its response to defendant's petition, the government highlighted that—far from undermining *Gay*'s holding—*Rahimi* supports the government's position that Section 922(g)(1) is constitutional. *See* Appeal No. 23-2097, Dkt. 66 at 13-14.

*Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022), Justices Alito and Kavanaugh, whose votes were essential to the majority, wrote separately to say that *Bruen* did not change anything about *Heller*." *Gay*, 98 F.4th at 846.

Noting a Circuit split as to the propriety of as-applied challenges to Section 922(g)(1), the Court assumed without deciding that Gay could bring one, and easily dispensed with it. 98 F.4th at 846. Given Gay's "22 felonies, including aggravated battery of a peace officer and possessing a weapon while in prison," the Court had no trouble concluding that Gay was not a "law-abiding, responsible citizen" who possessed Second Amendment rights under *Bruen. Id.*[3] As defendant's petition observes, *Gay*'s holding implies the facial validity of Section 922(g)(1), Pet. 6, because "[a] facial challenge to a statute . . . requires a defendant to 'establish that no set of circumstances exists under which the Act would be valid'" in order to prevail. *Rahimi*, 144 S. Ct. at 1898 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

*Rahimi* does not undermine *Gay*. In *Rahimi*, the Supreme Court upheld a different firearm dispossession law—Section 922(g)(8)(C)(i)—which prohibits gun possession by an individual who is subject to a court order, issued based

---

[3] *Gay* also found relevant that instead of contesting Section 922(g)(1) through a declaratory-judgment action—as the successful as-applied challenger in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023), *cert granted, vacated, and remanded by Garland v. Range*, 144 S. Ct. 2706 (2024), had done—Gay "violated the law in secret and tried to avoid detection." 98 F.4th at 847.

upon a finding that the individual "represents a credible threat to the physical safety of such intimate partner or child," that restrains the individual from engaging in conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child. 18 U.S.C. § 922(g)(8)(A)–(C)(i). In determining whether Section 922(g)(8)(C)(i) was consistent with our "historical tradition of firearm regulation," *Bruen*, 597 U.S. at 17, the Court examined historical surety laws, which authorized magistrates to "require individuals suspected of future misbehavior to post a bond," and going armed laws, which "provided a mechanism for punishing those who had menaced others with firearms." *Rahimi*, 144 S. Ct. at 1900-01. The Court found that these laws— though "distinct legal regimes," *id.* at 1899—established that, "[s]ince the founding, our Nation's firearm laws have included provisions preventing individuals who threaten physical harm to others from misusing firearms." *Id.* at 1896. Accordingly, the Court held that, "[t]aken together, the surety and going armed laws confirm what common sense suggests: When an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed." *Id.* at 1901.

Notably, the *Rahimi* majority made sure to reiterate that "many [firearms] prohibitions, like those on the possession of firearms by 'felons . . .' are 'presumptively lawful.'" 144 S. Ct. at 1902 (quoting *Heller*, 554 U.S. at 626, 627 n. 6). That pronouncement lends obvious support for *Gay*'s holding, which

4

relied on similar statements by the Supreme Court in *Heller*, *McDonald*, and *Bruen*. *See Gay*, 98 F.4th at 846. But even beyond the Court's explicit endorsement of felon dispossession laws, *Rahimi*'s method of analogical reasoning confirms that Section 922(g)(1) is consistent with our "historical tradition of firearm regulation," as required by *Bruen*, 597 U.S. at 17.

As detailed in the government's opening brief, history is replete with historical examples of the government disarming categories of persons who cannot be trusted to follow the law, whether through estate forfeiture, capital punishment, or less extreme measures like simple dispossession. Br. 17-40, 51-54. Standing alone, but especially "[t]aken together," these "distinct legal regimes" establish historical traditions that support the constitutionality of Section 922(g)(1). *Rahimi*, 144 S. Ct. at 1901. Indeed, the Supreme Court and this Court have repeatedly recognized that Section 922(g)(1) was enacted to keep firearms from felons because—as a class—they cannot be trusted with them. *E.g.*, *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 119 (1983) (recognizing that persons who have been "convicted of serious crimes," as a class, can "be expected to misuse" firearms); *United States v. Yancey*, 621 F.3d 681, 685 (7th Cir. 2010) ("[M]ost felons are nonviolent, but someone with a felony conviction on his record is more likely than a nonfelon to engage in illegal and violent gun use.").

Defendant criticizes *Gay* by isolating—and overreading—*Rahimi*'s statement that citizens may not be disarmed simply because they are not "responsible." Pet. 7-10. Defendant reasons that, in doing so, *Rahimi* "functionally rejects the concept that only 'law-abiding' citizens are protected" by the Second Amendment because the Supreme Court has frequently used "law-abiding" and "responsible" in tandem. Pet. at 8. But *Rahimi* offered no criticism of the notion that only "law-abiding" citizens possess Second Amendment rights. Much the opposite, *Rahimi* went out of its way to restate that laws which strip the right to a firearm from *non*-law-abiding citizens—that is, felons—are presumed *lawful*. 144 S. Ct. at 1902. And *Rahimi* stated explicitly that its decision "does not suggest that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse." *Id.* at 1901. This, after *Heller* and *McDonald* described the Court's Second Amendment jurisprudence as casting no doubt on the validity of felon dispossession laws. *See McDonald*, 561 U.S. at 786.

Moreover, *Rahimi* renounced drawing boundaries based on a citizen's level of responsibility because "responsible" is a "vague term," such that if only "responsible" citizens possessed Second Amendment rights, "[i]t is unclear what such a rule would entail." 144 S. Ct. at 1903. *Rahimi*'s rejection of a rule based on vague notions of "responsibility," therefore, has no bearing on the

constitutionality of a statute, like the one at issue here, that draws a clear line at adherence to criminal laws prescribing punishment of more than a year in prison. Indeed, *Bruen* described Second Amendment rights as belonging to "law-abiding" citizens at least 14 times. 597 U.S. at 9, 15, 26, 29, 30-31, 33 n.8, 38 & n.9, 60, 70, 71. As set out in the government's opening brief, that recurrent articulation reflects our Nation's longstanding tradition of disarming untrustworthy adherents to the law, including those—like felons—whose actions have demonstrated an unwillingness to follow it. Br. 17-40. *Rahimi* casts no doubt on the constitutionality of felon dispossession laws such as Section 922(g)(1). It says so expressly. 144 S. Ct. at 1902.

## II. This Court's Precedent Is Consistent with That of Its Sister Circuits.

At least six federal courts of appeals have considered constitutional challenges to Section 922(g)(1) since *Bruen*, and several have revisited the issue since *Rahimi*. None has granted a facial challenge, which defendant lodges in the instant case. And though, before *Rahimi*, two sister circuits had granted as-applied challenges to Section 922(g)(1) in cases involving non-violent offenders, the Ninth Circuit has since voted to vacate its opinion in *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024), in favor of rehearing en banc, *see* 108 F.4th 786 (9th Cir. 2024), while the Third Circuit recently conveyed that its now-vacated decision in *Range*, 69 F.4th at 99, would not

7

provide relief in a case like the instant one. *See United States v. Fadiga*, 2024 WL 3338304, at *3 (3d Cir. July 9, 2024).

Tellingly, the Third Circuit's post-*Rahimi* reasoning mirrors that of *Gay*. In *Range*, 69 F.4th at 99, 106, the Third Circuit had granted injunctive relief to a civil plaintiff with a prior felony conviction for lying to get food stamps, who sought to enjoin enforcement of Section 922(g)(1) in order to buy a rifle for hunting and a shotgun for self-defense in his home. In *Fadiga*, however, the Third Circuit recently concluded that the defendant presented no nonfrivolous Second Amendment claim, because "[n]either *Bruen* nor *Range* called into question § 922(g)(1)'s facial constitutionality or addressed the constitutionality of § 922(g)(1) in the criminal prosecution context." 2024 WL 3338304, at *3. The Third Circuit stressed that "*Bruen* did not cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* (cleaned up). And the Court emphasized that

> Range and Fadiga are different. Range had (1) a single, decades-old welfare fraud conviction; (2) received no prison time; and (3) showed that the wished to possess firearms for self-defense and hunting, *Range*, 69 F.4th at 98-99, whereas Fadiga is a criminal defendant who had (1) numerous criminal convictions; (2) served several stints in prison and committed this offense while on probation; and (3) not sought relief before illegally possessing firearms.

*Id.* The Third Circuit's logic could hardly bear more resemblance to this Court's reasoning in *Gay*. *See* 98 F.4th at 846. And, given that *Fadiga* post-dates *Rahimi*, it further undercuts defendant's claim that *Rahimi* somehow

8

undermines *Gay*'s holding or compels a different outcome. *See* Pet. 6-10. *See also United States v. Dorsey*, 105 F.4th 526, 532 (3d Cir. 2024) (rejecting an as-applied challenge to Section 922(g)(1), on plain-error review, because defendant was not similarly situated to the defendant in *Range*); *United States v. Moore*, 111 F.4th 266, 273 n.5 (3d Cir. 2024) (rejecting a facial challenge because Section 922(g)(1) is constitutional as applied to a defendant serving a term of federal supervised release).

Notably, after *Rahimi*, the Supreme Court vacated and remanded the Eighth Circuit's decision in *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023), *cert granted, vacated, and remanded by Jackson v. United States*, 144 S. Ct. 2710 (2024), which rejected a defendant's as-applied challenge to Section 922(g)(1) after *Bruen*. In a fresh decision, the Eighth Circuit recently announced that *Rahimi* does not alter that conclusion, explaining:

> Th[e] historical record suggests that legislatures traditionally possessed discretion to disqualify categories of people from possessing firearms to address a danger of misuse by those who deviated from legal norms, not merely to address a person's demonstrated propensity for violence. This conclusion is bolstered by the Supreme Court's repeated statements in *Bruen* that the Second Amendment protects the right of a "law-abiding citizen" to keep and bear arms. *See* 597 U.S. at 8, 15, 26, 29-31, 33 n.8, 38, 60, 70, 142 S.Ct. 2111. As stated by the D.C. Circuit, "it is difficult to conclude that the public, in 1791, would have understood someone facing death and estate forfeiture to be within the scope of those entitled to possess arms." *Medina v. Whitaker*, 913 F.3d 152, 158 (D.C. Cir. 2019); *cf. Rahimi*, 144 S. Ct. at 1902 ("[I]f imprisonment was permissible to respond to the use of guns to threaten the physical safety of others, then the lesser restriction of temporary disarmament that Section 922(g)(8) imposes is also permissible.").

> On this view, for which there is considerable support in the historical record, Congress did not violate Jackson's rights by enacting § 922(g)(1). He is not a law-abiding citizen, and history supports the authority of Congress to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society.

*United States v. Jackson*, 110 F.4th 1120, 1127 (8th Cir. 2024).

At least three more Circuits have concluded that *Rahimi* does not impugn the validity of Section 922(g)(1). *See United States v. Langston*, 110 F.4th 408, 413 (1st Cir. 2024) (stating, on plain error review, that "[n]o case from the Supreme Court . . . holds that § 922(g)(1) is unconstitutional in any of its applications" and, in fact, "the Supreme Court has stated repeatedly over sixteen years, from *Heller* to *Rahimi*, that felon-in-possession laws are presumptively lawful."); *United States v. Johnson*, 2024 WL 3371414, at *3 (11th Cir. July 11, 2024) (holding, on plain error review, that *Rahimi* did not alter its prior decisions upholding the constitutionality of Section 922(g)(1), stressing that *Rahimi* "once again declared that the prohibition on the possession of firearms by felons . . . is presumptively lawful" (cleaned up)); *United States v. Curry*, 2024 WL 3219693, at *4 n.7 (10th Cir. June 28, 2024) (rejecting a preserved facial challenge to Section 922(g)(1), because *Rahimi* "does not indisputably and pellucidly abrogate" its prior decisions upholding the statute).

As multiple federal courts of appeals have now indicated, *Rahimi* does not help defendant's cause. Each reinforces that *Gay* remains good law.

## III. Defendant's Contentions Do Not Justify Revisiting Precedent En Banc.

Merits aside, defendant's contentions do not meet the standards for en banc review under Federal Rule of Appellate Procedure 35. That rules provides for such extraordinary relief when necessary to maintain the uniformity of a court's decisions or to resolve questions of exceptional importance—in particular to avoid conflicts with Supreme Court precedent or other circuits' decisions. *See* Fed. R. App. P. 35(b)(1) & comm. Note. (1998); *see also, e.g.*, *United States v. Cole*, 21 F.4th 421, 425 (7th Cir. 2021) (en banc) (granting en banc review to resolve inconsistencies in the Court's decisions).

Neither criterion is satisfied here. No intra-circuit split exists: both before and after *Bruen*, this Court has uniformly rejected constitutional challenges to Section 922(g)(1). *See Gay*, 98 F.4th at 847; *Kanter v. Barr*, 919 F.3d 437, 443 (7th Cir. 2019) ("we have repeatedly rejected as-applied Second Amendment challenges to § 922(g)"). Moreover, as set forth above, this Court's decisions are in accord with those of its sister circuits.

In essence, defendant ask this Court to hear his case initially en banc not to resolve any intra- or inter-circuit conflict, but to create one. It should not do so.

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny defendant's petition for initial hearing en banc.

> Respectfully submitted.
>
> MORRIS PASQUAL
> Acting United States Attorney
>
> DEBRA RIGGS BONAMICI
> Criminal Division Counsel
> Assistant United States Attorney
>
> /s/ *Brian J. Kerwin*
> BRIAN J. KERWIN
> Chief of Appeals, Criminal Division
> Assistant United States Attorney

# RULE 32 CERTIFICATION

I hereby certify that:

1. This brief complies with the type volume limitation of Federal Rules of Appellate Procedure 35(b)(2) because it contains 2,773 words.

2. This brief complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5), 32(a)(6), and Circuit Rule 32(b), because it has been prepared using the Microsoft Office Word proportionally-spaced typeface of Century Schoolbook with 13-point font in the text and 12-point font in the footnotes.

Respectfully submitted.

MORRIS PASQUAL
Acting United States Attorney

By:     /s/ *Brian J. Kerwin*
BRIAN J. KERWIN
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 886-1328

# CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2024, I electronically filed the foregoing GOVERNMENT'S OPPOSITION TO PETITION FOR INITIAL HEARING EN BANC with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Respectfully submitted.

By: /s/ *Brian J. Kerwin*
BRIAN J. KERWIN
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 886-1328